UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. BERNARD PARISH GOVERNMENT            CIVIL ACTION

VERSUS                                   NO. 18-2717

PURDUE PHARMA L.P., et al.               SECTION "G"(4)

## ORDER

Currently pending before the Court is a "Motion to Stay" filed by Defendants Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company Inc., Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc. f/k/aWatson Pharma, Inc., and Teva Pharmaceutical Industries, Ltd. (collectively "Moving Defendants").[1] Also currently pending before the Court is a "Motion to Remand" filed by Plaintiff St. Bernard Parish Government ("Plaintiff").[2] Both motions are currently set for submission on April 11, 2018. Johnson & Johnson and Janssen Pharmaceuticals also request that the Court continue the submission date of the Motion to Remand to April 25, 2018.[3] Having considered the motions currently pending before the Court, the record, the applicable law, the Court will exercise its discretion to stay this matter pending decision by the Judicial Panel on Multidistrict Litigation (the "MDL Panel").

## I. Background

On November 30, 2017, Plaintiff filed suit against various manufacturers of prescription opioid medications in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana,

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 10.

[3] Rec. Doc. 8.

alleging that the manufacturers "orchestrated campaign to flood Louisiana and St. Bernard Parish with highly-addictive and dangerous opioids" through "false and misleading statements unsupported by science and medical evidence."[4] In the petition, Plaintiff also named several physicians that Plaintiff alleges participated in the manufacturers' marketing campaigns and a local pharmacy, Wilkinson Family Pharmacy, LLC.[5]

On December 5, 2017, the MDL Panel formed an MDL and transferred 64 opioid-related actions to the Northern District of Ohio, pursuant to 28 U.S.C. § 1407.[6]

On March 14, 2018, Johnson & Johnson and Janssen Pharmaceuticals, Inc. (collectively, "Removing Defendants") removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that this Court has diversity jurisdiction over the matter because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and all properly joined defendants.[7] Removing Defendants contend that the Court should not consider the citizenship of Dr. Randall Brewer and Wilkinson Family Pharmacy, LLC, for the purposes of determining diversity jurisdiction because they are fraudulently joined and unnecessary and dispensable parties subject to severance.[8] Alternatively, Removing Defendants contend that the citizenship of Dr. Randall Brewer and Wilkinson Family Pharmacy, LLC, is irrelevant because they are procedurally misjoined.[9]

---

[4] *Id.* at 2.

[5] Rec. Doc. 8.

[6] *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (Dec. 5, 2017).

[7] Rec. Doc. 1 at 3–6.

[8] *Id.* at 6–7.

[9] *Id.*

On March 15, 2018, Removing Defendants sent notice to the MDL Panel that this matter was related to the MDL actions pending in the Northern District of Ohio.[10] On March 20, 2018, the MDL Panel issued a Conditional Transfer Order, and Plaintiff filed a Notice of Opposition to the Conditional Transfer Order.[11] Pursuant to MDL Panel rules, the parties will be given a full opportunity to brief the question of transfer, and the MDL Panel will consider the matter at its bimonthly hearing session.[12]

On March 22, 2018, Moving Defendants filed a "Motion to Stay" in this Court, asserting that this matter should be stayed pending decision of the MDL Panel on the request for transfer.[13] On March 27, 2018, Plaintiff filed a "Motion to Remand."[14] Both motions are currently set for submission on April 11, 2018. On March 29, 2018, Removing Defendants filed a "Motion to Continue," requesting that the Court continue submission date of the Motion to Remand to April 25, 2018.[15]

## II. Law and Analysis

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[16]

---

[10] Rec. Doc. 8 at 2.

[11] *Id.*

[12] Rule 7.1(c) of Procedure of the United States Judicial Panel on Multidistrict Litigation.

[13] Rec. Doc. 8.

[14] Rec. Doc. 10.

[15] Rec. Doc. 8.

[16] 299 U.S. 248, 254 (1936).

The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[17] Therefore, a district court has a "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[18] Furthermore, a district court may exercise this discretionary power *sua sponte*.[19]

Courts within this district have recognized the following factors to consider when deciding whether to stay an action pending transfer to an MDL: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.[20]

The Manual for Complex Litigation states that "it may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer."[21] Furthermore, the Manual notes that the Panel has often held "that the pendency of potentially dispositive motions is not an impediment to transfer of actions, because such motions can be addressed to the transferee judge for resolution after transfer."[22] "Deference to the MDL court for resolution of these matters provides the

---

[17] *Id.* at 254–55.

[18] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[19] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir.1999) ("we have held that the district court may *sua sponte* stay a suit as a form of abstention.")

[20] *See Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498 (E.D. La. Oct. 19, 2011) (Feldman, J.); *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (Engelhardt, J.); *Weathersby v. Lincoln Elec. Co.*, No. 03-398, 2003 WL 21088119, at *2 (E.D. La. May 9, 2003) (Livaudais, J.).

[21] Manual for Complex Litigation § 20.131, at 221 (4th ed. 2004).

[22] *Id.*

4

opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system."[23]

In the instant case, the Court finds that a temporary stay pending a decision on the transfer of this case to the MDL court is appropriate. Plaintiff will not be unduly prejudiced if proceedings, including a hearing on the motion to remand, are stayed pending a decision by the MDL Panel as to the transferability of the case. On the other hand, Defendants face the burden of litigating numerous cases in multiple jurisdictions. Furthermore, a stay is advisable for the additional reason that the interests of judicial economy will be served by a temporary stay, and the risk of inconsistent rulings in related cases (including on the issue of the appropriateness of remand) will be minimized. Indeed, to date at least eleven similar cases brought by other Louisiana parishes have been transferred to the MDL, and all of the transferred cases raised similar jurisdictional issues regarding fraudulent joinder and fraudulent misjoinder.[24] Therefore, the Court will exercise its discretion and stay proceedings pending the MDL Panel's determination regarding transfer to MDL No. 2804.

Accordingly,

---

[23] *Scott v. Bayer Corp.*, No. 03–2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004 ) (Fallon, J.) (citing 28 U.S.C. § 1407).

[24] *See Anderson v. Purdue Pharma L.P. et al.*, No. 17-1567 (W.D. La.); *Hilton v. Purdue Pharma L.P. et al.*, No. 17-01586 (W.D. La.); *Mancuso v. Purdue Pharma L.P. et al.*, No. 17-1585 (W.D. La.); *Garber v. Purdue Pharma L.P. et al.*, No. 17-1583 (W.D. La.); *Seal v. Purdue Pharma L.P. et al.*, No. 17-17722 (E.D. La.); *Woods v. Purdue Pharma L.P. et al.*, No. 18-2 (W.D. La.); *Craft v. Purdue Pharma L.P. et al.*, No. 18-53 (W.D. La.); *Hebert v. Purdue Pharma L.P. et al.*, No. 18-55 (W.D. La.); *Richardson v. Purdue Pharma L.P. et al.*, No. 18-54 (W.D. La.); *Russell v. Purdue Pharma L.P. et al.*, No. 18-94 (W.D. La.); *Soileau v. Purdue Pharma L.P. et al.*, 18-125 (W.D. La.).

**IT IS HEREBY ORDERED** that this matter is stayed and administratively closed pending the MDL Panel's determination regarding transfer to MDL No. 2804.

**NEW ORLEANS, LOUISIANA,** this __29th__ day of March, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**